UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH E. AGEE,           )   CASE NO. C08-1009-TSZ
                          )
    Plaintiff,            )
                          )
    v.                    )   REPORT AND RECOMMENDATION
                          )
STATE OF WASHINGTON, et al., )
                          )
    Defendants.           )
_____)

Plaintiff Joseph E. Agee is currently confined at the Washington State Penitentiary in Walla Walla, Washington. Appearing *pro se*, he recently filed an application to proceed *in forma pauperis* together with a proposed civil rights complaint, pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Plaintiff alleges in his complaint that his conviction and sentence were the result of unconstitutional conduct by the King County Prosecutor's Office and the State of Washington. (Attachment to Complaint at 1). Plaintiff further alleges that while incarcerated at the State Penitentiary, official have "chemically neutered" him through the transmission of toxic gas to his cell. (*Id*. at 2-3). Having screened plaintiff's proposed complaint pursuant to 28 U.S.C. § 1915A, the Court recommends, for the reasons set forth below, that plaintiff's case be dismissed without

prejudice.

In order to sustain a cause of action under 42 U.S.C. §1983, plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Neither are entities that are arms of the state. *See Hewlett v. Rose*, 496 U.S. 356, 365 (1990).

Here, plaintiff has named as defendants the State of Washington, the King County Prosecutor, the Department of Corrections, and the Washington State Penitentiary. (Complaint at 1). Other than the King County Prosecutor, all of the defendants are either a state or an arm of the state. Accordingly, they are not amenable to suit under § 1983. *See Hewlett v. Rose*, 496 U.S. 356, 365 (1990). In addition, the King County Prosecutor is shielded from suit by prosecutorial immunity. *See Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985). Therefore, the present action may not proceed against any of the named defendants.

Ordinarily, the Court would provide plaintiff with the opportunity to amend his complaint rather than recommend dismissal. However, several factors weigh against granting plaintiff leave to amend. First, the only allegation that could provide the basis for suit under § 1983 is plaintiff's claim that he has been "chemically neutered" by the secret transmission of toxic gas to his cell

"through plumbing and drain lines." (Complaint, Attachment at 4). On its face, this allegation is implausible to the point of being frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("'[F]rivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."); *see also Lopez v. Dep't of Health Services*, 939 F. 2d 881, 882 (9th Cir. 1991) (per curiam).

The second factor that weighs against granting plaintiff leave to amend are deficiencies that the Court notes on the form used by plaintiff to submit his complaint. On page one of the complaint, plaintiff is asked whether he has filed any previous lawsuits in federal court. In response, plaintiff checked the box marked "no." (Complaint at 1). However, plaintiff previously had a § 1983 action dismissed as frivolous by the Court on October 2, 2006. *See Agee v. Stevenson, et al.*, Case No. C05-1506-MJP. Plaintiff signed the complaint under penalty of perjury and the Court finds plaintiff's lack of candor disturbing. In addition, on page two of the complaint, plaintiff concedes that he has not filed any grievances with the prison concerning the allegations he presents here. Exhaustion of administrative remedies is a prerequisite to filing a § 1983 action. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 122 S. Ct. 983, 988 (2002). Therefore, even if plaintiff were to amend his complaint to somehow state a viable cause of action, defendants would likely prevail in a motion to dismiss on the ground that plaintiff failed to exhaust his administrative remedies.

Therefore, because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with the opportunity to amend his complaint. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

01 The Court recommends, accordingly, that the complaint and this action be DISMISSED without

02 prejudice. Further, plaintiff's application to proceed *in forma pauperis* may be DENIED as moot.

03 A proposed Order accompanies this Report and Recommendation.

04     DATED this <u>23rd</u> day of July, 2008.

05

06                                         Mary Alice Theiler
                                        United States Magistrate Judge